IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MARLENE STRINGER, | ) | |
| | ) | Civil Action No. |
|   Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| LOCKHEED MARTIN | ) | JURY TRIAL DEMANDED |
| CORPORATION, | ) | |
| | ) | |
|   Defendant. | ) | |
| | ) | |
| _____ | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Marlene Stringer (hereinafter "Plaintiff"), and files this lawsuit against Defendant Lockheed Martin Corporation, (hereinafter "Defendant"), and shows the following:

### I. Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages for Defendant's failure to pay federally mandated overtime wages to Plaintiff in

violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter "FLSA") during Plaintiff's employment with Defendant (hereinafter referred to as the "relevant time period").

## II. Jurisdiction and Venue

3.

Plaintiff invokes the jurisdiction of this Court pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1343(4).

4.

Defendant is a Georgia corporation, and the unlawful employment practices described herein occurred at 6 Executive Park Drive, NE, Atlanta, GA, 30329. Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §216(b); LR 3 the Northern District of Georgia.

## III. Parties

5.

Plaintiff is a resident of the State of Georgia.

6.

Plaintiff was an "employee" (as defined under FLSA §3(e), 29 U.S.C. §203(e)) for Defendant.

7.

Defendant is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

8.

Defendant is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

9.

Defendant is governed by and subject to FLSA §7, 29 U.S.C. §204 and §207.

## IV. Facts

10.

Plaintiff was hired by Defendant as a Senior Manager in September 2005. Plaintiff was subsequently promoted to a Project Manager. Thereafter, Plaintiff assumed the role of Multifunctional Information Systems Senior Manager, the position Plaintiff held at the time of her termination on July 29, 2011.

11.

Plaintiff did not receive a predetermined amount of compensation each pay period. Instead, when Plaintiff worked less than forty (40) hours in a workweek, Plaintiff was compensated for actual hours worked only.

12.

During the relevant time period, Plaintiff worked more than forty (40) hours per workweek and was not paid the overtime wage differential.

13.

Plaintiff's compensation does not meet the salary basis requirement under the FLSA to qualify for an exemption from the FLSA for overtime.

14.

Plaintiff worked between forty-five to sixty hours in a typical workweek.

15.

At the time of her termination, Plaintiff's regular rate was $70.881200.

## V. **Violation of the Overtime Wage Requirement of the Fair Labor Standards Act.**

16.

Plaintiff repeats and re-alleges each and every allegation contained in the

preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

17.

Defendant has violated FLSA §7, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in a workweek.

18.

Defendant showed reckless indifference to or willfully violated the FLSA.

19.

Pursuant to FLSA §16, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover overtime wage differential, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

## VII. Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)   Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)   Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA §7, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d), liquidated damages as provided by 29 U.S.C. §216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert

witness fees, reasonable attorneys' fees as provided under FLSA §16 and all other remedies allowed under the FLSA; and,

(C) Grant declaratory judgment declaring that Plaintiff's rights have been violated;

(D) Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted the 14th day of December, 2011.

                **BARRETT & FARAHANY, LLP**

                s/Amanda A. Farahany
                Amanda A. Farahany
                Georgia Bar No. 646135
                Attorney for Marlene Stringer

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile